IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WINFRED JULY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0635-WS-N |
| | ) |
| BOARD OF WATER AND SEWER | ) |
| COMMISSIONERS OF THE CITY | ) |
| OF MOBILE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This closed matter comes before the Court on plaintiff's *pro se* filing styled "Motion for Reconsideration" (doc. 32).[1]

Plaintiff, Winfred July, brought this action against his former employer, the Board of Water and Sewer Commissioners of the City of Mobile, asserting claims for relief under the Americans with Disabilities Act and the Rehabilitation Act. The gravamen of July's claims was that the Board had failed to accommodate his medical condition (heat-induced migraine

---

[1] In handwritten text, plaintiff added the phrase "or Appeal" to the title of his Motion. To the extent that plaintiff is requesting leave to pursue an appeal, the Motion is unnecessary and therefore **denied**. Plaintiff need not secure permission from this Court to appeal from the adverse summary judgment ruling; rather, the proper procedures for filing an appeal are set forth in Rules 3 and 4 of the Federal Rules of Appellate Procedure. More generally, notwithstanding plaintiff's potential *pro se* status (and it is only potential, given that his counsel of record has not formally withdrawn), this Court cannot give him legal advice or act as his *de facto* legal counsel in helping him to perfect any appeal he may wish to pursue. *See generally GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998); *Polk v. Sears, Roebuck, and Co.*, 2012 WL 1145047, *2 n.3 (S.D. Ala. Apr. 4, 2012) ("Neither this Court nor the Clerk's Office can or will act as *de facto* attorney for Polk merely because she is an IFP litigant."). Rather, it remains plaintiff's responsibility to identify and comply with the rules, and to litigate his claims. *See Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted).

headaches) and had fired him for complaining about the lack of accommodation. Following the close of discovery, the Board moved for summary judgment. July availed himself of a full and fair opportunity to be heard in response to the Rule 56 Motion, as his counsel of record filed an extensive 29-page memorandum of law, plus a bevy of supporting exhibits (including a 24-paragraph Affidavit signed by July). (*See* docs. 24, 25.) Upon careful consideration of the parties' briefs and the summary judgment record, the undersigned entered an Order on November 29, 2012, granting the Board's Motion for Summary Judgment and dismissing July's claims with prejudice. (*See* docs. 30, 31.)

On December 21, 2012, July (proceeding without counsel, although his attorney of record has not formally withdrawn from this matter) filed a nine-page Motion to Reconsider, along with a handful of new, previously-available exhibits. July explains the reason for this Motion as being that "[t]here have been a lot of things that were left out" in previous summary judgment briefing, and that he wishes to "fill in the missing pieces and … correct some mistakes by MAWSS and my former attorney." (Doc. 32, at 1.) In his Motion, July recognizes that the November 29 Order and Judgment were "based on what was given to" this Court, and apologizes that (in his view) the parties did not furnish this Court with "the full story of what happened and why and others weren't put in bad situations like I was." (*Id.* at 9.) July endeavors to use his Motion to Reconsider as a vehicle to correct that oversight and present "the full story," including many facts that were not submitted on summary judgment.

Motions to reconsider under Rules 59 or 60 of the Federal Rules of Civil Procedure are subject to a stringent legal standard. In that regard, it is hornbook law that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted). The Supreme Court has confirmed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). "Nor are motions to reconsider properly filed as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1,

2012).  Rather, under Rule 59(e), Fed.R.Civ.P., "a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted).  Plaintiff's Motion fits in none of these categories.

Although it suffers from a host of defects,[2] the most fundamental problem with July's Motion to Reconsider is that it rests on facts and exhibits that plaintiff could have presented on summary judgment, but did not.  The law is crystal clear that motions to reconsider are not properly used to present previously available evidence that (for whatever reason) the movant failed to provide in its summary judgment filings.  *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (motions for reconsider "cannot be used to … present evidence that could have been raised" earlier); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) (motions to reconsider "do not exist to permit losing parties to prop up arguments previously made or to inject new ones, **nor to provide evidence or authority previously omitted**") (emphasis added).  It is simply too late for July to supplement the summary judgment record with evidence that was omitted from his previous submissions, and the Federal Rules of Civil Procedure do not afford him a second bite at the apple under the guise of a motion to reconsider.  *See, e.g., American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").[3]

---

[2]  For example, the Motion was filed *pro se* even though July's counsel of record has never withdrawn from representing plaintiff herein; the Motion refers to various ailments and health conditions that are distinct from migraine headaches, none of which have been pleaded or shown to be disabilities under applicable law; the Motion describes events that are beyond the scope of operative pleadings and that occurred many years before the termination decision at issue herein, such that the limitations period for pursuing legal claims relating to those events has long since expired; the Motion recites facts that contradict (without explanation) plaintiff's own prior evidentiary submission on summary judgment; and the Motion does not link any of the new facts presented to the specific legal determinations set forth in the November 29 Order, much less explain how or why those conclusions are undermined or invalidated by such new facts.

[3]  It is no answer to suggest, as July does, that the omissions from the summary judgment record were his lawyer's fault, not his own.  It is a cornerstone our representative system of litigation that a litigant is generally bound by all acts and omissions of his freely selected agent.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 (Continued)

Because it improperly seeks to reopen the summary judgment record to include new evidence that was previously available to him, plaintiff's Motion for Reconsideration (doc. 32) is **denied**.

DONE and ORDERED this 4th day of January, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

L.Ed.2d 734 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) ("the Supreme Court has said that clients are to be held accountable for the acts and omissions of their attorneys"); *Shuler v. Ingram & Associates*, 2011 WL 4495624, *3 (11th Cir. Sept. 29, 2011) (plaintiffs' argument "that they should not be held responsible for their former attorneys' admissions in their opposition brief … is without merit because a litigant is generally bound by all acts and omissions of his attorney").